United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALGORZATA JAROSZUK,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-06311-JSC<br><br>**DISMISSAL ORDER**<br>Re: Dkt. No. 16 |

Plaintiff filed this civil action against Meta Platforms alleging claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; identity theft; negligence; and invasion of privacy. On July 2, 2026, the Court granted Plaintiff's application to proceed in forma pauperis and directed Plaintiff to file the proposed summons so the U.S. Marshal for the Northern District of California can serve the summons and complaint. (Dkt. Nos. 4, 5.) Plaintiff thereafter filed a proposed summons, but it did not include her contact information under the section for Plaintiff's name and address. The Court thus ordered Plaintiff to refile the summons with the missing information by September 16, 2026. (Dkt. No. 15.) Plaintiff did not do so and on October 5, 2026, the Court ordered her to show cause as to why this action should not be dismissed for failure to prosecute. (Dkt. No. 16.) Plaintiff was ordered to show cause in writing and file the summons by October 26, 2026. (*Id.*) The following day, Plaintiff filed a "motion to supplement" seeking removal/replacement of the Meta Board of Directors. (Dkt. No. 17.) Plaintiff, however, has not filed a response to the Order to Show Cause or the summons. For the reasons set forth below, the Court dismisses this action without prejudice.

First, under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court has twice extended the time for service and ordered Plaintiff to file the summons, but she has not done so. (Dkt. Nos. 15, 16.) As more than 130 days have passed since Plaintiff filed this action and Plaintiff has not provided the summons so the U.S. Marshals may effectuate service or otherwise served the summons and complaint, the case must be dismissed without prejudice. Fed. R. Civ. P. 4(m); *see also Wilson v. Moreno*, No. ED-CV-14-513-JAK (DFM), 2016 WL 827702, at *5 (C.D. Cal. Feb. 8, 2016) ("Courts regularly dismiss actions for failure to make service under Fed. R. Civ. P. 4(m) when a plaintiff provides the USMS" incomplete information).

Second, pursuant to Rule 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (cleaned up). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). By failing to respond to the Court's orders Plaintiff has delayed

adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already extended the deadline for Plaintiff to file the summons and warned Plaintiff failure to respond would result in dismissal of this action. (Dkt. Nos. 15, 16.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, definitionally weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

The Court therefore DISMISSES this action WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**IT IS SO ORDERED.**

Dated: November 3, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge